UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wilkin O'Neal Pettis, | ) C/A No. 4:14-3070-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Director Myers, AFGDC; Officer Walker, AFCDC; | ) |
| Sargeant Monroe, AFCGC; Captain Buffer, AFCDC; | ) |
| And 2 Unknown Named Officers, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The plaintiff, Wilkin O'Neal Pettis ("Plaintiff"), a self-represented prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff alleges that he is detained at Alvin S. Glen Detention Center ("ASGDC"), and files this action in forma pauperis under 28 U.S.C. § 1915. The Complaint names employees at ASGDC as defendants. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to the following defendants: Director Myers and Captain Buffer. In a separately docketed order, the court has authorized the issuance and service of process on defendants Officer Walker and Sergeant Monroe.

Plaintiff indicates that during an incident on April 14, 2014, excessive force was used against him in violation of his constitutional rights.[1] Plaintiff seeks monetary damages and injunctive relief. (ECF No. 1.)

---

[1] To the extent that Plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment, not the Eighth Amendment. See Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir.1990).

1

**DISCUSSION**

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) ( en banc ); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338; Allison v. Kyle, 66 F.3d 71 (5th Cir.1995).

This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978),

2

and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). In addition, a plaintiff must affirmatively show

that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977). While Plaintiff provides sufficient factual information to withstand summary dismissal of his claims against Defendants Officer Walker and Sergeant Monroe, his claims against the remaining defendants should be summarily dismissed.

1. Individual liability

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555. The Complaint provides no factual allegations to demonstrate any personal involvement by Defendants Myers or Buffer during the alleged incident on April 14, 2014. Therefore, these defendants are entitled to summary dismissal from the case for any individual capacity claims alleged by Plaintiff.[2]

2. Supervisory liability

A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim.

---

[2]Plaintiff's claims against "2 unknown named officers" would likewise fail for lack of any factual allegations to demonstrate any personal involvement by said anonymous officers. Additionally, Plaintiff has failed to provide service documents or any identifying information about these officers at this time.

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Plaintiff identifies defendant Myers as Director of ASGDC. (ECF No. 1 at 2.) Defendant Buffer is identified as a Captain at ASGDC. (Id.) However, the instant Complaint provides no facts to demonstrate that Defendants Myers or Buffer were aware of or deliberately indifferent to any constitutional risk of injury to Plaintiff. Thus, even if the majority in Iqbal did not entirely dispense with the concept of supervisory liability in a § 1983 case, the instant Complaint provides no facts to proceed on such a theory under Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir.1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Therefore, Defendants Myers and Buffer are also entitled to summary dismissal from this action for any supervisory liability claims asserted by Plaintiff.

## CONCLUSION

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process as to Defendants Myers and Buffer.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 7, 2014  
Florence, South Carolina

Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).