UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILKIN O'NEAL PETTIS, | ) C/A No.: 4:14-3070-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| OFFICER WALKER, AFCGC; SARGEANT MONROE, AFCGC; 2 UNKNOWN NAMED OFFICERS, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PROCEDURAL BACKGROUND**

Plaintiff, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on August 1, 2014, alleging a violation of his constitutional rights. On April 6, 2015, Defendants filed a motion for summary judgment. As the Plaintiff is proceeding *pro se*, the court issued an order on or about April 7, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. The Roseboro Order was returned to the Clerk of Court's office via United States Postal Service on April 20, 2015, marked "Return to Sender" and "No Longer At This Address." (Doc. #34). Plaintiff has not responded to the motion or provided the court with an updated address.[2]

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] An Order was issued on October 7, 2014, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed. (Doc. #6).

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendants' motion for summary judgment or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 14, 2015
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**