IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILKIN O'NEAL PETTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-cv-03070-TLW |
| | ) |
| DIRECTOR MYERS, AFGDC; OFFICER WALKER, AFGDC; SARGEANT MONROE, AFGDC; CAPTAIN BUFFER, AFGDC; AND 2 UNKNOWN, NAMED OFFICERS, AFGDC, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Wilkin O'Neal Pettis, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 on August 1, 2014. (Doc. #1). On November 10, 2014, the Court entered an Order summarily dismissing Defendants Myers and Buffer. (Doc. #14). The Order was mailed to Plaintiff the same day, and it was not returned to the Court. (Doc. #15). A Scheduling Order was mailed to Plaintiff on November 21, 2014 (Doc. #20), and it was returned as undeliverable and marked "no longer at this address" on January 5, 2015 (Doc. #24). On April 6, 2015, Defendants Walker and Monroe filed a motion for summary judgment. (Doc. #30). The Magistrate Judge issued a Roseboro Order, which was mailed to Plaintiff on April 7. (Doc. #32). That Order was returned as undeliverable and marked "no longer at this address" on April 20, 2015. (Doc. #34).

This matter is now before the Court for review of the Report and Recommendation (the "Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.). In the

Report, the Magistrate Judge recommends dismissing this action with prejudice for failure to prosecute based on Plaintiff's failure to provide the Court with an updated address and to respond to the summary judgment motion. (Doc. #35). The Report was mailed to Plaintiff on May 14, 2015 (Doc. #36), and it was returned to the Court as undeliverable and marked "no longer at this address" on May 26 (Doc. #37). Plaintiff's objections to the Report were due by June 1, 2015. Plaintiff failed to file objections, and this matter is now ripe for review.

The Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained therein. 28 U.S.C. § 636. However, in the absence of objections to the Report, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Report in light of this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. It is reasonable to conclude that Plaintiff has abandoned this action. It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED**. (Doc. #35). For the reasons articulated by the Magistrate Judge, this case is **DISMISSED** with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

                                       *s/ Terry L. Wooten*  
                                       Terry L. Wooten  
                                       Chief United States District Judge

June 3, 2015  
Columbia, South Carolina